# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 12-01905 MMM (PLAx) | Date | April 30, 2012 |
|---|---|---|---|

| Title | *Wilmington Trust Co. v. Gregory E. Vanderpas, et al.* |
|---|---|

Present: The Honorable     MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    **Order Remanding Action to Los Angeles Superior Court for Lack of Subject Matter Jurisdiction**

## I.  BACKGROUND

Oh January 10, 2011, plaintiff Wilmington Trust Co. ("Wilmington") filed this unlawful detainer action against defendants Gregory E. and Pamela J. Vanderpas, and certain fictitious defendants in Los Angeles Superior Court.[1]  Gregory Vanderpas filed a notice of removal on March 6, 2012, invoking the court's federal question jurisdiction.[2]

Plaintiff alleges that it is the current owner of real property located at 3822 E. Wilton St., Long Beach, California 90804, which it acquired through a non-judicial foreclosure sale.[3]  It asserts that its title to the property was perfected by the recording of a trustee's deed upon sale on December 9, 2010.[4]  Defendants are purportedly the current occupants of the property and were the original

---

[1]Notice of Removal, Docket No. 1 (March 6, 2012), Exh. 2 ("Complaint").

[2]See generally Removal.

[3]Complaint, ¶ 1.

[4]*Id.*

trustors under the foreclosed deed of trust or successors-in-interest to the original trustors.[5]   On December 15, 2010, plaintiff allegedly served a notice to quit on defendants, which required that they vacate the property within three days.[6]   Plaintiff asserts that, although more than three days have elapsed, defendants continue in possession of the property without its permission or consent.[7]   It seeks possession of the property as well as damages of $50.00 per day (the allegedly reasonable daily rental value of the property) for each day that defendants remain in possession of the property.[8]

## II.  DISCUSSION

### A.    Legal Standards Governing Removal Jurisdiction

Federal courts have a duty to examine their subject matter jurisdiction whether or not the parties raise the issue.  See *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments," citing *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934)); see also *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996) (lack of subject matter jurisdiction may be raised at any time by either party or by the court *sua sponte*); *Thiara v. Kiernan*, No. C06-03503 MJJ, 2006 WL 3065568, *2 (N.D. Cal. Oct. 25, 2006) ("A district court has an independent obligation to examine whether removal jurisdiction exists before deciding any issue on the merits").

The right to remove a case to federal court is entirely a creature of statute.  See *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).  The removal statute, 28 U.S.C. § 1441, allows defendants to remove when a case originally filed in state court presents a federal question or is between citizens of different states and involves an amount in controversy that exceeds $75,000.  See 28 U.S.C. §§ 1441(a), (b); see also 28 U.S.C. §§ 1331, 1332(a).  Only state court actions that could originally have been filed in federal court may be removed.  28 U.S.C. § 1441(a); see *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).  The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988), *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985), and *Libhart*, 592 F.2d at 1064).  "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir.

---

[5]*Id.*, ¶ 2.

[6]*Id.*, ¶ 5.

[7]*Id.*, ¶ 6.

[8]*Id.*, ¶¶ 7-8.

1990), and *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

### B.    Federal Question Jurisdiction

Under 28 U.S.C. § 1331, the district courts "have original jurisdiction of all civil actions *arising under* the Constitution, laws, or treaties of the United States" (emphasis added).  Federal question jurisdiction is presumed absent unless defendants, as the party seeking to invoke the court's jurisdiction, *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936), show that plaintiff has either alleged a federal cause of action, *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("a suit arises under the law that creates the action"), a state cause of action that turns on a substantial dispositive issue of federal law, *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921), or a state cause of action that Congress has transformed into an inherently federal cause of action by completely preempting the field of its subject matter, *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987).

Whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint." *Franchise Tax Bd.*, 463 U.S. at 9-10.  Since a defendant may remove a case under 28 U.S.C. § 1441(b) only if the claim could have been brought in federal court, the question for removal jurisdiction must also be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986).  The well-pleaded complaint rule makes the plaintiff the "master of the claim" for purposes of removal jurisdiction. *Caterpillar*, 482 U.S. at 392.  Thus, where the plaintiff could maintain claims under both federal and state law, plaintiff can prevent removal by ignoring the federal claim and alleging only state law claims. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir.1996).

For federal question jurisdiction to attach, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936).  Only where the "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties" does a state law cause of action "arise under" the laws of the United States. *Franchise Tax Bd.*, 463 U.S. at 13 (1983).  A claim does not present a "substantial question" of federal law merely because a federal question is an "ingredient" of the cause of action.  Indeed, "the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow*, 478 U.S. at 813.

Likewise, it is not enough for removal purposes that a federal question may arise during the litigation in connection with a defense or counterclaim.  "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392.  See also *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).  "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998).  See also *Taylor*, 481 U.S. at 63; *Gully*, 299 U.S. at 112 ("To bring a case within the [federal question removal] statute, a right or immunity created by the

Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action"). Thus, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd.*, 463 U.S. at 14.

There is no federal question apparent on the face of plaintiff's complaint, which alleges only an unlawful detainer cause of action.[9]  See *Wells Fargo Bank v. Lapeen*, No. C 11–01932 LB, 2011 WL 2194117, *3 (N.D. Cal. June 6, 2011) ("an unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law," citing *Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, *2 (C.D. Cal. Nov. 22, 2010)); *Galileo Financial v. Miin Sun Park*, No. EDCV 09-1660 PSG, 2009 WL 3157411, *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists").

Defendant's notice of removal asserts that the court has federal question jurisdiction under the Securities Act and the Exchange Act.[10]  At best, these statutes give rise to a counterclaim or defense, neither of which provides a basis for the exercise of jurisdiction.  See *Deutsche Bank Nat. Trust Co. v. Soto*, No. CV 11-1149 PA (AGRx), 2011 WL 590286, *1 (C.D. Cal. Feb. 9, 2011) ("[N]either an actual nor an anticipated federal counterclaim can form a basis for removal"); *Aurora Loan Services, LLC v. Montoya*, No. 2:11–cv–2485–MCE–KJN–PS, 2011 WL 5508926, *4 (E.D. Cal. Nov. 9, 2011) ("Even if they are premised upon federal law, plaintiff's potential defenses or counterclaims cannot provide the basis for removal jurisdiction here").  Because plaintiff's complaint does not present a federal question, the court does not have jurisdiction under 28 U.S.C. § 1331.

## C.    Diversity Jurisdiction

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. . . ." 28 U.S.C. § 1332(a); see also *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("[J]urisdiction founded on [diversity] requires that the parties be in complete diversity and the amount in controversy exceed $75,000").  "[W]hen a state-court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the 'party seeking removal must prove with legal certainty that [the] jurisdictional amount is met.'"  *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (quoting *Lowdermilk v. U.S. Bank National Association*, 479 F.3d 994, 1000 (9th Cir. 2007)).  In any case where subject matter jurisdiction is premised on diversity, there must be complete diversity, i.e, all

---

[9]See generally Complaint.

[10]Removal at 2.

plaintiffs must have citizenship different than all defendants.  See *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 & n. 3 (1996).

Defendant has failed to allege the citizenship of the parties; the court is thus unable to determine if their citizenship is diverse.  Even if there were complete diversity of citizenship, moreover, defendant has not met his burden of demonstrating that the amount in controversy exceeds $75,000.  "[W]hen a state-court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the 'party seeking removal must prove with legal certainty that [the] jurisdictional amount is met.'"  *Guglielmino*, 506 F.3d at 699 (quoting *Lowdermilk*, 479 F.3d at 1000).  In its complaint, plaintiff seeks damages of $50.00 per day,[11] and affirmatively states that it demands less than $10,000.[12]  Because the complaint alleges an amount in controversy that is less than $75,000, defendant must demonstrate to a legal certainty that the jurisdictional threshold is met to avoid remand.  Defendant has made no effort to dispute plaintiff's assertion concerning the amount in controversy.

Accordingly, there is no basis for exercising diversity jurisdiction over this action.[13]

### III.  CONCLUSION

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  *Gaus*, 980 F.2d at 566.  For the reasons stated, Gregory Vanderpas has failed to carry his burden of demonstrating that the court has either diversity or federal question jurisdiction to hear this action.  The clerk is therefore directed to remand the case to Los Angeles Superior Court forthwith.

---

[11]Complaint, ¶ 7.

[12]*Id.* at 1.

[13]It also appears that the removal was procedurally defective because both of the Vanderpas are likely citizens of California and because Pamela Vanderpas did not join the notice of removal. Procedural defects in removal are waived, however, unless they are raised by plaintiff within thirty days of removal.  See *Kelton Arms Condo., Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1191-92 (9th Cir. 2003).  Plaintiff in this case did not file a motion to remand within the prescribed time.